**RECORD NO. 13-4905**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KENTWAN RUSSELL,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

(The Honorable Catherine C. Blake, District Court Judge)

**OPENING BRIEF OF APPELLANT
KENTWAN RUSSELL**

Gary E. Proctor
LAW OFFICES OF
GARY E. PROCTOR, LLC
8 East Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 Telephone
(866) 230-4455 Facsimile
gary_proctor@verizon.net

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION .......1

STATEMENT OF ISSUES .................................................................................1

    I.    WAS MR. RUSSELL'S GUILTY PLEA VALID? ...............................1

    II.    WAS MR. RUSSELL'S SENTENCE REASONABLE UNDER THE ADVISORY SENTENCING GUIDELINES? ........................................1

STATEMENT OF THE CASE ............................................................................1

SUMMARY OF THE ARGUMENT ...................................................................3

ARGUMENT .......................................................................................................3

    I.    MR. RUSSELL'S GUILTY PLEA WAS INVALID ............................3

        Standard of Review .................................................................................3

        Argument .................................................................................................3

    II.    MR. RUSSELL'S SENTENCE WAS UNREASONABLE ..................3

    Standard of Review .................................................................................3

    Argument .................................................................................................4

CONCLUSION ....................................................................................................5

CERTIFICATE OF COMPLIANCE ...................................................................7

CERTIFICATE OF SERVICE ............................................................................8

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Anders v. California*, 386 U.S. 738 (1967) ..........................................................3, 5

*Gall v. United States,* _U.S. _, 128 S. Ct. 586 (2007)................................................4

*Rita v. United States*, _U.S. _, 127 S. Ct. 2456 (2007) ..............................................4

*United States v. Green*, 436 F.3d 449 (4th Cir. 2006) ....................................................4

*United States v. Martinez*, 277 F.3d 517 (4th Cir. 2002)..............................................3

### **Statutes**

18 U.S.C. § 922(g) ...................................................................................................1

18 U.S.C. 924(e) ......................................................................................................5

18 U.S.C. § 3231 ......................................................................................................1

18 U.S.C. § 3742 ......................................................................................................1

28 U.S.C. § 1291......................................................................................................1

### **United States Sentencing Guidelines**

U.S.S.G. § 3E1.1 ......................................................................................................4

U.S.S.G. § 4B1.4 ..................................................................................................1, 4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction in this case under 18 U.S.C. § 3231, and entered final judgment on November 25, 2013. Jurisdiction in this Court is based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF ISSUES

I.   WAS MR. RUSSELL'S GUILTY PLEA VALID?

II.  WAS MR. RUSSELL'S SENTENCE REASONABLE?

## STATEMENT OF THE CASE

On December 15, 2010, Baltimore Police Officers arrested Mr. Russell in Baltimore City, Maryland, on a burglary warrant. During his arrest, officers recovered a firearm on Mr. Russell's person, a 9mm Ruger, model P89 handgun, serial number 30915816 and five rounds of ammunition. Mr. Russell was previously convicted of a crime that disqualified him from owning a firearm, and his rights had not been restored. See Presentence Report paragraphs 7-8.

On September 9, 2011, Kentwan Russell was charged by indictment with a single count with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g). On December 16, 2011 a Grand Jury returned an indictment, with the same charge. On October 26, 2012, Appellant pleaded guilty to the lone count. At the sentencing hearing, the district court found that Mr. Russell was an Armed Career Criminal under U.S.S.G. § 4B1.4, and sentenced him to serve a prison term of 180 months, which was the mandatory minimum sentence, to be followed by a

period of supervised release. Mr. Russell subsequently filed a timely notice of appeal.

The reason for the long delay between the plea of guilty (October 26, 2012) and sentencing (November 25, 2013) was that Appellant launched a *coram nobis* challenge in state court in respect of his conviction outlined at paragraph 39 of the Presentence Report. Ultimately, Appellant did not prevail before the Circuit Court for Baltimore City. Counsel for Mr. Russell believed that the state court ruled in error and had, by the time of sentencing, filed an appeal with the state's intermediate appellate court. At sentencing in this matter counsel informed the district court that:

> We're going to file an appeal in this case.
>
> The Rule 11 proceeding was fine. The sentencing is fine. You're not going to give him an illegal sentence. The only reason to [file the instant appeal], to waste my time, Mr. Hanlon's time, the court reporter's time, and the Fourth Circuit's money, is to try and toll the 2255 clock so that we can go to the Court of Special Appeals in Annapolis and hope that someone there is willing to listen and to apply the law.

Sentencing transcript at 6. Accordingly, this timely appeal follows.

There was no appeal waiver in this case. Guilty plea transcript at page 18.

2

## SUMMARY OF THE ARGUMENT

This brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel brings two issues to the attention of the Court: (1) whether Mr. Russell's guilty plea was valid, and (2) whether Mr. Russell's sentence was reasonable.

## ARGUMENT

I.   MR. RUSSELL'S GUILTY PLEA WAS INVALID.

Standard of Review:

When a defendant does not seek to withdraw his guilty plea in district court, any challenge to the adequacy of the Rule 11 proceeding on appeal is considered under the plain error standard of review. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002).

Argument:

At the Rule 11 proceeding in this case, the district court advised Mr. Russell of, among other things, the trial rights he was giving up by pleading guilty, the elements of the offense that the government would have to prove to a jury beyond a reasonable doubt at trial, and the minimum and maximum penalties he was facing as a result of the plea. Guilty plea transcript at pages 5 through 16.

II.   MR. RUSSELL'S SENTENCE WAS UNREASONABLE.

Standard of Review:

A court of appeals reviews a sentence under the advisory Guidelines to

3

determine whether it is reasonable, applying an abuse of discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). This Court presumes that a sentence imposed within the properly calculated guidelines range is reasonable. *See United States v. Green*, 436 F.3d 449, 457 (4th Cir. 2006); *Rita v. United States*, U.S. _, 127 S. Ct. 2456, 2462 (2007).

Argument:

The base offense level for this offense under the United States Sentencing Guidelines was 24. Presentence Report at page 4. Mr. Russell's Criminal History was calculated to be V. Presentence Report at page 8. Therefore, after acceptance of responsibility, Mr. Russell was looking at an advisory range of 70-87 months. However, the district court found that the government sufficiently established that Mr. Russell had three prior convictions for controlled substance offenses and therefore was an Armed Career Criminal under U.S.S.G. § 4B1.4.[1] As an Armed Career Criminal, Mr. Russell's offense level was 33, as agreed by the parties, *see* Presentence Report at page 4, and his criminal history category remained a V. Mr. Russell received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in an adjusted offense level of 30, which, when

---

1   Defendants who are found to be Armed Career Criminals under U.S.S.G. § 4B1.4 face severely enhanced penalties. A defendant is deemed an Armed Career Criminal if he or she has at least three prior convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. Id.

4

combined with a criminal history category V, yielded a guideline range of 151-188 months imprisonment. However, due to the mandatory minimum in this case, the sentence could not be lower than 180 months. 18 U.S.C. 924(e). Accordingly, the revised sentencing range was 180-188 months. *See* page 10 of Presentence Report.

Prior to the entrance of a guilty plea, the parties had jointly agreed that, in the event Appellant was determined to be an Armed Career Criminal, they would jointly recommend a sentence of 180 months imprisonment. Guilty plea transcript at 17. Accordingly, at the time of sentencing, both parties made a request for a sentence of 180 months. Sentencing Transcript at page 8. The district court followed this recommendation and imposed the mandatory minimum sentence. Sentencing Transcript at 14.

## **CONCLUSION**

In accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967), counsel has reviewed the facts and legal issues in this case. Counsel is of the opinion that there are no legitimate grounds for an appeal in this case. A copy of this brief has been served on Mr. Russell along with a letter advising him of his right to file a supplemental brief.

Pursuant to Federal Rule of Appellate Procedure 34(a)(3) and this Court's Local Rule 34(a), undersigned counsel suggests that this case may be resolved on the briefs and that oral argument need not be scheduled.

5

Respectfully submitted,

_____/s/_____
GARY E. PROCTOR
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, MD 21202
Tel: 410 444 1500

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS**
**TO BE INCLUDED IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT.**

1. This brief has been prepared using (SELECT AND COMPLETE ONLY ONE):

    <u>X</u>    Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman, NOT sans serif typeface such as Arial). Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

    <u>  </u>    Twelve point, monospaced typeface (such as Courier or Courier New). Specify software name and version, typeface name, and pint size below (for example, WordPerfect 8, Courier, 12 point):

    <u>Microsoft Word, Times New Roman, 14 point</u>

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations, and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

    <u>X</u>    <u>6</u> Pages (give specific number of pages; may not exceed 30 pages for opening or answering a brief of 15 pages for reply brief); **OR**

    <u>  </u>    <u>  </u>Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief); **OR**

    <u>  </u>    <u>     </u>Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for briefs prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work or line print-out.

_____/s/_____<br>
GARY E. PROCTOR

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22 day of January, 2014, a copy of the foregoing Appellant's Brief In Accordance With *Anders v. California*, 386 U.S. 738 (1967) was delivered via ECF to:

Michael Clayton Hanlon, Esq., Assistant U. S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
Fourth Floor
36 South Charles Street
Baltimore, MD 21201-0000
Email: michael.hanlon@usdoj.gov

And to the Defendant:

Kentwan Russell #53811-037
FCI Fort Dix, Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

Using the US Postal Service

_____/s/_____
GARY E. PROCTOR